This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PAUL SAIZ, M.D.,**

    Plaintiff-Appellee,

v.                                                                                  **NO. 30,521**

**PHC-LAS CRUCES, INC., d/b/a**
**MEMORIAL MEDICAL CENTER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

Joel T. Newton
Las Cruces, NM

for Appellee

Bannerman & Johnson, P.A.
David H. Johnson
Deborah E. Mann
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals an order denying its motion to compel arbitration of Plaintiff's claims against it. In our notice, we proposed to affirm the district court. Defendant has timely responded. We have considered its arguments and not being persuaded, we affirm.

In our notice, we proposed to agree with the district court that the Professional Services Agreement (PSA) clearly states an intention to substitute for any other agreements that the parties may have had regarding on-call duties. As the PSA has no provision for arbitration, there is no basis to compel arbitration of the dispute between the parties. *See Salazar v. Citadel Commc'ns Corp.*, 2004-NMSC-013, ¶ 8, 135 N.M. 447, 90 P.3d 466 ("Of course, a prerequisite to compelling arbitration is the existence of a valid agreement to arbitrate."). Defendant responds that Plaintiff's complaint was not at all clear regarding whether he sought a declaratory judgment on the PSA or on both the PSA and the Recruiting Agreement (RA). It makes much of the fact that the complaint refers to "contracts" in one paragraph of the complaint for declaratory judgment. [RP 14, ¶ 33] However, reading the entire complaint for declaratory judgment makes it clear that Plaintiff seeks a decision on the provisions of the PSA. [RP 14, ¶¶ 32-37] The complaint specifically refers to the PSA as the agreement that Plaintiff wants the district court to construe. [RP 14, ¶ 34]

We are unpersuaded that Plaintiff seeks to have the RA construed as well. It appears that the only claim relating to the RA has to do with a breach of contract claim regarding the payment of school loans. [RP 15, ¶¶ 38-42] Thus, we conclude that the agreement Plaintiff seeks to have construed is the PSA, not the RA.

In our notice, we sought to address Defendant's argument that Plaintiff appeared to be relying on some provisions in the RA to support his claims by stating that that did not mean that Plaintiff sought to have the RA construed in this action. Rather, we noted the RA could be used as evidence to show ambiguities in the parties' intent in the PSA. In so doing, we did not intend to state that the PSA was ambiguous. We were simply pointing to a reason why the RA would be mentioned in the complaint without seeking to have it construed. We agree that whether or not the RSA is ambiguous is still to be decided by the district court. Our language in the calendar notice [CN 3-4] should not be construed as a ruling on the merits of Plaintiff's claim.

We conclude that the district court did not err in denying the motion to compel arbitration as there was no provision for arbitration in the PSA, which was the agreement about which Plaintiff sought a declaratory judgment.

For the reasons stated herein and in the calendar notice, we affirm the denial of Defendant's motion to compel arbitration.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**